Coe, Treasurer, v. Winters *et al.*

1. ACTUAL NOTICE. A purchaser of real estate, with actual notice of an outstanding mortgage, cannot complain of defects in the recording of the mortgage.

2. TRIAL ON APPEAL: FORECLOSURE. The errors of law only, in a foreclosure proceeding, will be reviewed, on appeal, by the Supreme Court.

*Appeal from Louisa District Court.*

SATURDAY, JANUARY 9

MORTGAGE FORECLOSURE. Anna E. Hays, the wife of John Hays, appeals from the decree, she claiming to be a subsequent purchaser, without notice of the plaintiff's lien.

*C. C. Nourse* for the plaintiff.

*D. N. Sprague* for the defendant.

WRIGHT, Ch. J.—The mortgage was given to secure a loan from the School Fund. Some questions were made as to whether it was recorded, so as to impart constructive notice to subsequent purchasers. Appellee's counsel, however, insists that the decree below is correct, upon the ground that there was actual notice; or, if not, that the circumstances show that appellant has no standing in this Court. In this view we concur, and need not, therefore, determine whether the mortgage was or was not properly recorded.

Winters, the mortgagor, sold to John Hays, who in writing undertook to pay this mortgage, the amount thereof being a part of the purchase money. John Hays conveyed to his daughter, who, on the same day, conveyed to her mother. The property was afterwards sold under execution, upon a judgment against Hays. The purchaser at that sale (the execution plaintiff), conveyed to the wife, the husband paying the consideration. The circumstances and testimony satisfy us that neither the daughter or mother were purchasers for value, and that they occupy no better position than the husband. He had agreed to pay this mortgage; hence, had actual notice of its existence, and took title subject to the prior and paramount lien.

But, under sections 2999 and 3000, this was a trial by the second method of equitable trials, and we can only

review legal errors, duly presented, as in case of ordinary proceedings. The record contains the evidence, but no facts were found, no motion for a new trial made, nor an exception taken, even to the final decree. We have therefore, strictly, nothing to do with the correctness of the finding.

Being triable by the second method (and no objection was made to thus trying the case), it was not erroneous to receive the oral testimony objected to by respondent. The Court was not required to hear the cause upon depositions alone.

It was also objected that certain testimony was immaterial and irrelevant. The object of it was to show who paid the money at the time the deed from the execution plaintiff was made to the wife, and the true nature of the prior transaction between the husband, wife and daughter. That such testimony was both material and relevant, is certainly very obvious. There was no objection that a part of the conversation detailed was hearsay, and that aspect of the case, therefore, we need not discuss.

Affirmed.